# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROCQUE, | CASE NO. 10CV1973-LAB (JMA) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| FIRST MAGNUS FINANCIAL CORPORATON, et al., | |
| Defendants. | |

On September 21, 2010, Plaintiff Rocque filed his complaint seeking to prevent or reverse a foreclosure on real property in San Diego that he claims to own.  Though the complaint cites to federal law, the theories under which Rocque seeks relief appear to arise under California state law only.  The complaint alleges Rocque is a resident DuPage County, Illinois, so apparently the property at issue is not his primary residence.  A directory search shows that the property is a condominium in a downtown high-rise.  The value is unknown and the complaint does not allege it.

On October 19, Defendants Award, Inc. and Judy Bohlen moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim.  Defendant Aurora Loan Services, LLC then moved to dismiss for failure to state a claim.  The hearing on these motions was set for December 6, 2010.  The one remaining Defendant, Cal-Western

Reconveyance Corporation, filed a statement of non-monetary status, representing that it was named solely as a necessary party because it served as trustee for the property deed.

Because the hearing date was set for December 6, under Civil Local Rule 7.1(e)(2), Rocque's opposition to the motions was due two weeks earlier, on Monday, November 22, 2010.

Rocque filed no opposition.  He did send two *ex parte* letters to the Court purporting to remove opposing counsel and require them to submit various types of accountings and credentials to him, but the Court by an order issued November 22 directed him to cease attempting to make *ex parte* contact with the Court.  That order also pointed out, however, that the letters raised an additional problem by representing that Rocque himself was not the owner of the property in question, but rather that it was being held in a trust or estate for his benefit.  This created even more doubt about Rocque's capacity to pursue this action.  Some of the exhibits attached to the complaint similarly suggest that a trust identified only as "Sancon" is the legal owner of the property and that someone named Ania or Anna Binkul, not Rocque, is Sancon's trustee.  *See* Exs. E, G, I.

The complaint appears to be a patchwork of allegations cut and pasted from other sources.  It consists primarily of legal conclusions and is very thin on factual allegations.  For example, it mentions a mortgage but doesn't say whether it was a purchase money mortgage, the amount of the loan, whether Rocque made payments when due, and if not why not.  Apparently a non-judicial foreclosure sale has already taken place and some unknown party (not named here) bought it.  While federal laws are mentioned, no factual allegations support any federal claims.  For example, Rocque says Defendants violated HOEPA, RESPA, TILA, and Regulation Z by engaging in "predatory lending practices," but never alleges what they did or explains why whatever they did would give rise to a claim. The basic contention appears to be that Defendants don't really own the deed of trust and therefore have no right to foreclose.  But if that's so, his claims arise under state law, not federal law.

/ / /

1   While Rocque has alleges his residence is in Illinois, he has not alleged his citizenship

2   as required to establish diversity jurisdiction.  *See Bernal v. Comerica Bank*, 2010 WL

3   3037259 (C.D.Cal., July 30, 2010) ("Allegations of residency but not citizenship are

4   insufficient to determine the existence of diversity jurisdiction . . . ." ) (citation omitted).

5   Actual citizenship is a particular concern here because Rocque has alleged he is "in

6   possession" of the residential property at issue here.

7   In short, the complaint establishes neither federal question nor diversity jurisdiction,

8   nor is any other source of jurisdiction apparent on the face of the complaint.  Various

9   documents are attached to the complaint as exhibits, but their significance is largely left

10   unexplained, and the Court cannot properly serve as Rocque's attorney by reading through

11   them and creating his arguments or allegations for him.

12   Under Civil Local Rule 7.1(f)(3)(c), failure to file an opposition to a motion when

13   required to do so  can constitute consent  to the granting of that motion.  The Court so

14   construes Rocque's failure to oppose the motions.  Because no jurisdiction is apparent on

15   the face of the complaint and Defendants Award, Inc. and Judy Bohlen have pointed this out,

16   Rocque's claims will be dismissed for lack of jurisdiction.

17   The complaint, and this action, are therefore **DISMISSED WITHOUT PREJUDICE**.

18

19   **IT IS SO ORDERED**.

20   DATED:  December 7, 2010

21

22   **HONORABLE LARRY ALAN BURNS**
United States District Judge

23

24

25

26

27

28

- 3 -

10CV1973